# IN THE COURT OF APPEALS OF IOWA

No. 14-1713
Filed December 10, 2014

IN THE INTEREST OF C.N. and J.N.,
Minor Children,

S.N., Father,
    Appellant.

_____

Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.

A father appeals from the order terminating his parental rights. **AFFIRMED.**

Blake D. Lubinus of Lubinus Law Firm, Des Moines, for appellant father.

Lane Lucas, Des Moines, for mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, John P. Sarcone, County Attorney, and Christina Gonzalez, Assistant County Attorney, for appellee State.

Charles Fuson of the Youth Law Center, Des Moines, for minor children.

Considered by Danilson, C.J., and Doyle and Tabor, JJ.

**DANILSON, C.J.**

A father appeals the termination of his parental rights to his two children: C.N, born in March 2009; and J.N., born in September 2010.[1]  Because statutory grounds exist to terminate the father's parental rights, and because termination is in the best interests of the children, we affirm.

We conduct a de novo review of termination-of-parental-rights proceedings.  *In re P.L.*, 773 N.W.2d 33, 40 (Iowa 2010).

According to the father's testimony, he resided in the Polk County Jail from September 9, 2011, until he entered a federal correctional institution on May 30, 2013.  He is incarcerated at this time for drug charges.  His date of discharge is in January 2019.

The children were removed from their mother's care on July 10, 2013, and adjudicated children in need of assistance (CINA) on August 29, 2013, due to the mother's substance abuse issues.  At the time of the July 22, 2014 termination hearing, the children had been removed from the physical care of their parents for more than one year.  They could not be returned to their father's care because he remained incarcerated.  On July 22, 2014, the juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(e) (as to both children), (f) (as to C.N.), and (h) (as to J.N.) (2013).

On appeal, the father challenges the termination of his parental rights only as to section 232.116(1)(e) (failure to maintain significant contact).  We may

---

[1] The mother separately appealed.  However, her appeal was dismissed by an order of the supreme court on November 10, 2014.

affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

Section 232.116(1)(f) provides that termination may be ordered when there is clear and convincing evidence that a child four years of age or older who has been adjudicated a CINA and removed from the parents' care for at least the last twelve consecutive months cannot be returned to the parents' custody at the time of the termination hearing. There is clear and convincing evidence to support the termination of the father's parental rights to C.N. pursuant to this section.

Section 232.116(1)(h) provides that termination may be ordered when there is clear and convincing evidence that a child under the age of three who has been adjudicated a CINA and removed from the parents' care for at least the last six consecutive months cannot be returned to the parents' custody at the time of the termination hearing. There is clear and convincing evidence to support termination of the father's parental rights to J.N. pursuant to this section.

Giving primary consideration to "the child[ren]'s safety, . . . the best placement for furthering the long-term nurturing and growth of the child, and . . . the physical, mental, and emotional condition and needs of the child," Iowa Code § 232.116(2), we conclude termination of the father's parental rights will best provide the children with the permanency they deserve.

While the father asks that we not terminate his parental rights because the children are currently placed with his mother, legal custody of the children is with the department of human services and, therefore, section 232.116(3)(a) is not applicable. *See In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014) ("Although section

232.116(3)(a) allows the juvenile court not to terminate when a "relative has legal custody of the child," Iowa Code § 232.116(3)(a), A.M. is not in the legal custody of her grandparents."). The juvenile court found no exception under section 232.116(3) applicable. We agree.

**AFFIRMED.**